335 So.2d 795 (1976)
John E. MARCHAND
v.
UNITED COMPANIES MORTGAGES AND INVESTMENTS OF HAMMOND, INC. and Al Alack d/b/a AV Realty.
No. 10808.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
*796 Robert L. Kleinpeter, Baton Rouge, for appellant.
Sam J. Dileo, Jr., Hammond, Kenneth E. Barnette, Baton Rouge, for appellees.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
John E. Marchand (vendee) sued United Companies Mortgage and Investments of Hammond, Inc., (vendor) for recision of the sale of immovable property, and in the alternative for diminution of price. Vendor filed a third party demand against Al Alack, d.b.a. AV Realty. The trial court ordered the recision and granted judgment on the third party demand against Alack in the amount of court costs assessed against vendor.
Vendor appeals the judgment granting recision, and Alack answers the appeal insofar as the judgment granted recovery against him by the vendor for court costs.
We reproduce the trial court's finding of fact, which correctly summarizes the evidence adduced:
"From the testimony at the trial, it appeared that United Companies had repossessed a parcel of property upon which was situated a house. Representatives of this company thereupon asked Mr. Alack to make an appraisal of the property, and gave him only a Mortgage Certificate, introduced in evidence as Exhibit P-1, showing the description of the parcel as Lot 18 of the Parker subdivision. The Mortgage Certificate does reflect a mortgage on a parcel in Section 29 which sets forth dimensions of the property, however, the description of Lot 18 on the top of the Mortgage Certificate describes it as being in Section 28. The manager of United, Mr. Clements, told Mr. Alack that the property looked like it was approximately one acre, but he did not give Mr. Alack any specific measurements. He went to the property on one occasion with Mr. Alack and showed him approximately the front corners. He stated he did not know the depth and told Mr. Alack that he should get a survey. Another representative of United, Mr. Carl J. Tuminello, went to the property with Mr. Alack to make interior measurements of the house, but he testified that he did not know the dimensions of the land and did not furnish them to Mr. Alack.
"Pursuant to the request, Mr. Alack prepared an appraisal of the property, marked as Joint Exhibit #3. Though he was never furnished with any of the dimensions of the property, he requested his partner, Mr. Anthony Vicarro, Jr., who apparently had never seen the property and also was furnished no dimensions thereof, to draw a sketch of the property on the reverse side of the appraisal. The sketch shows the property measuring 100 feet by a depth of 435.6 feet, which would therefore constitute one acre.
*797 "The plaintiff, a newcomer to the area, contacted Mr. Alack advising that he wanted a place in the country to raise his children. Mr. Alack did not have a listing on the property in question, but recalled that he had done this work for United in making the appraisal. He called United and found out that the property was still available for sale. At this point Mr. Alack apparently showed the plaintiff the appraisal which he had made together with the drawing on the reverse side thereof showing the dimensions of the property as 100 by 435.6 feet. Mr. Alack took the plaintiff to the property and pointed out the approximate corners thereof, pacing off the portion on the street and pointing in the general direction that the lines extended in depth. The plaintiff testified that he would not have brought the property error to his attention.
"The plaintiff contacted Mr. Alack the next day who in turn contacted Mr. Clements who came to Mr. Alack's office for a discussion. Mr. Clements offered to make the plaintiff a loan through United Companies to enable him to purchase the lots next door in order to give him the area which he desired."
The trial court concluded that there was error in the mind of plaintiff as to the thing intended to be conveyed, that this error was caused by the negligence of the realtor Alack in having a sketch prepared without checking the actual dimensions of the lot, and that there was no showing that the error was made with the knowledge of the vendor United.
However, the trial court erred in ordering recision under the facts found.
In a well reasoned opinion while on the Third Circuit (Cole v. Lumbermens Mutual Casualty Company, 160 So.2d 785), Judge Tate summarized the applicable law as follows:
"An error of fact is that `which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none.' LSA-C.C. Art. 1821. It is not every error that will invalidate a contract, only an error as to some point `which was a principal cause for making the contract', including error `as to the motive for making the contract'. LSA-C.C. Art. 1823.
"As to error in the motive, LSA-C.C. Art. 1824 provides: `The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent.' Further, `The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration which the contract would not have been made.' LSA-C.C. Art. 1825.
"Likewise, and it is important to note the words italicized by this court: `No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it." LSA-C.C. Art. 1826. Additionally, "* * * wherever the motive is apparent, although not made an express condition, if the error bears on the motive, the contract is void. * * *', LSA-C.C. Art. 1827.
"See, for excellent discussion, Smith, A Refresher Course in Cause, 12 La.Law Rev. 2, 29 (1951)."
There is no question that vendee proceeded in this matter under an error of facthe thought he was purchasing an acre of land when in fact he got much less. Further, it is clear from the testimony that the principal cause, or motive, for vendee's purchase was to acquire an acre of land, rather than simply a lot of any or average size. Regardless, though, of the importance of this criterion to the vendee, there is no evidence that the vendor was apprised of this motive. Nor can it be presumed that from the nature of the transaction the vendor knew it.
*798 The apparent motive in buying a house and lot is to acquire a suitable and adequate place in which to live. The testimony and evidence establishes that the property conveyed fit that purpose. Further, the price paid was fair considering the value of the property.
For the foregoing reasons, the decision of the trial court ordering the recision of the sale is reversed, and vendee's suit is dismissed at his cost. The judgment is accordingly reversed as to the award of court costs on the third party demand of vendor.
Appellee is taxed with costs of this appeal.
REVERSED AND RENDERED.